Pfeifer, J.,
concurring. I concur in the majority opinion and write separately to express my concern about the direction of our prior calculation and design analysis.
R.C. 2903.01(A) states that “[n]o person shall purposely, and with prior calculation and design, cause the death of another * *
The Committee Comments relating to this section state:
“The first part of this section restates the former crime of premeditated murder so as to embody the classic concept of the planned, cold-blooded killing while discarding the notion that only an instant’s prior deliberation is necessary. By judicial interpretation of the former Ohio law, murder could be premeditated even though the fatal plan was conceived and executed on the spur of the moment. * * * The section employs the phrase, ‘prior calculation and design,’ to indicate studied care in planning or analyzing the means of the crime, as well as a *578 scheme compassing the death of the victim. Neither the degree of care nor the length of time the offender takes to ponder the crime beforehand are critical factors in themselves, but they must amount to more than momentary deliberation.” (Citation omitted.)
In this case, the prosecution failed to prove beyond a reasonable doubt that the killings of Sponhaltz and Vargo were the product of prior calculation arid design. The murders were not the result of “studied care in planning or analyzing the means of the crime.” Rather, they were the result of a spur of the moment decision by Palmer to kill two total strangers. Accordingly, I would dismiss Counts I and IV.
This disposition of Counts I and IV does not affect Counts III and VI, the felony-murder convictions. I join the majority opinion with respect to Counts III and VI and therefore vote to affirm the convictions and death penalty.
APPENDIX
“Proposition of Law I: Donald Palmer’s conviction and death sentence must be set aside and a new trial ordered where the record on appeal is incomplete and cannot be sufficiently completed thereby denying Donald Palmer a meaningful appellate review, as required by O.R.C. §§ 2929.03(G) and 2929.05(A), as well as the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 5, 9,10 and 16 to the Ohio Constitution.
“Proposition of Law II: The trial court erred by giving an incomplete and erroneous jury instruction on inferences, thereby depriving appellant of his rights to due process of law and against cruel and unusual punishment as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5,10, and 16 of the Ohio Constitution.
“Proposition of Law III: The trial court erred by permitting the admission of evidence and argument about irrelevant and highly prejudicial ‘other acts’ which appellant allegedly committed against a person not named in the indictment; thereby depriving appellant of his rights to due process of law and against cruel and unusual punishment as provided by the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 9, 10, and 16 of the Ohio Constitution.
“Proposition of Law TV: The admission of testimony which created the innuendo of ‘other acts’ deprived appellant of his constitutional rights to due process [and] against cruel and unusual punishment, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 5, 9,10, and 16 of the Ohio Constitution.
“Proposition of Law V: The trial court erred by denying appellant’s request for an instruction on the lesser included offense of involuntary manslaughter, *579 thereby depriving appellant of his constitutional rights to due process against cruel and unusual punishment, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 5, 9, 10, and 16 of the Ohio Constitution.
“Proposition of Law VI: The trial court erred by denying appellant’s request for a jury instruction on the defense of self-defense, thereby denying appellant his right to due process of law and against cruel and unusual punishment as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 5, 9, and 16 of the Ohio Constitution.
“Proposition of Law VII: The trial court committed plain error by giving an erroneous and misleading jury instruction on the culpable mental state [of] purposely and thereby deprived appellant of his right to due process of law and against cruel and unusual punishment.
“Proposition of Law VIII: The trial court erred by failing to give a limiting instruction on ‘other acts,’ thereby depriving appellant of his constitutional right to due process and against cruel and unusual punishment, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 5, 9,10, and 16 of the Ohio Constitution.
“Proposition of Law IX: The trial court erred by allowing the admission of a handgun which was not properly authenticated and was irrelevant, confusing and misleading, in derogation of the appellant’s rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Sections 2, 9, 10, and 16[,] Article I, and Section 26, Article II of the Ohio Constitution.
“Proposition of Law X: The trial court erred by allowing the admission of the unsworn testimony of a witness and thereby violating appellant’s constitutional right to due process of law, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 5, 9, 10, and 16 of the Ohio Constitution.
“Proposition of Law XI: The prosecutor’s misconduct during voir dire denied appellant his due process right to a fair trial.
“Proposition of Law XII: Prosecutorial misconduct during the trial phase deprived appellant of his right to due process of law and against cruel and unusual punishment.
“Proposition of Law No. XIII: There is constitutionally insufficient evidence to sustain appellant’s convictions for four counts of aggravated murder and two counts of robbery.
“Proposition of Law XIV: The trial court erred and deprived appellant of his constitutional right to due process of law and against cruel and unusual punish *580 ment by failing to order the election of counts prior to the sentencing phase of appellant’s trial.
“Proposition of Law XV: The trial court erred by excluding relevant mitigation evidence at the penalty phase of Mr. Palmer’s capital trial, in violation of his rights to an informed, individualized determination of the appropriate penalty and to his constitutional rights to due process and against cruel and unusual punishment.
“Proposition of Law XVI: Prosecutorial misconduct during the penalty phase of appellant’s trial deprived appellant of his right to due process of law and against cruel and unusual punishment.
“Proposition of Law XVII: Prosecutorial misconduct during the penalty phase of appellant’s trial by the prosecutor[’]s reference to the Bible in urging the jury to sentence appellant to death deprived appellant of his right to due process of law and against cruel and unusual punishment.
“Proposition of Law XVIII: The trial court’s sentencing phase instruction which required the jury to be unanimous in their decision that the defendant was to receive a life sentence violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 5, 9, 10, and 16 of the Ohio Constitution.
“Proposition of Law XIX: The trial court erred by allowing the jury to consider multiple specifications which arose from an indivisible course of conduct, thereby depriving appellant of his right to due process of law and against cruel and unusual punishment, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 5, 9, 10, and 16 of the Ohio Constitution.
“Proposition of Law XX: The trial court erred by failing to instruct the jury during the penalty phase that they were required to consider each count of aggravated murder separately and that only the aggravating circumstances proven in the individual counts should be weighed against the mitigating circumstances, thereby denying Donald Palmer his constitutional right to a reliable sentencing determination.
“Proposition of Law XXI: The ineffective assistance of counsel provided by trial counsel violated appellant’s rights, as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I §§ 5, 9,10 and 16 of the Ohio Constitution.
“Proposition of Law XXII: The independent weighing process conducted by the trial court pursuant to R.C. §§ 2929.03(D)(3) and (F) was faulty and resulted in a death verdict which was contrary to the weight of the evidence and in violation of appellant’s right against cruel and unusual punishment.
*581 “Proposition of Law XXIII: The proportionality review that this court must conduct in the present capital case pursuant to Ohio Revised Code § 2929.05 is fatally flawed and therefore the present death sentence must be vacated pursuant to the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Sections 5 and 10, Article I, of the Ohio Constitution and R.C. § 2929.05.
“Proposition of Law XXIV: The Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 9,10 and 16, Article I of the Ohio Constitution establish the requirements for a valid death penalty scheme. Ohio’s statutory provisions governing the imposition of the death penalty, contained in Revised Code 2903.01, 2929.02, 2929.021, 2929.022, 2929.023, 2929.03, 2929.04 and 2929.05, do not meet the prescribed requirements and thus are unconstitutional, both on their face and as applied.
“Proposition of Law XXV: Appellant was denied a fair trial by the cumulative effect of the errors occurring at trial, in contravention of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections [sic ] of the Ohio Constitution.”